UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| STATE GROUP INDUSTRIAL (USA) LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | 3:15-cv-00057-RLY-WGH |
| vs. | ) ) ) | |
| MIDWEST INDUSTRIAL CONCEPTS, INC., | ) ) ) | |
| Defendant. | ) | |

**ENTRY ON MIDWEST CONCEPTS, INC.'S MOTION TO DISMISS**

Defendant, Midwest Industrial Concepts, Inc., moves to dismiss the Complaint filed by the Plaintiff, the State Group Industrial (USA) Limited, because, *inter alia*, Midwest filed a mirror-image Complaint against State Group in the Southern District of Illinois two and-one-half months before State Group filed its Complaint in this court. For the reasons set forth below, Midwest's motion to dismiss is **DENIED**; instead, the action is **STAYED**.

**I.     Background**

This case arises out of a transaction between State Group, an Indiana corporation, and Midwest, a Missouri corporation. State Group was the general contractor for certain work at the Toyota Boshoku facility in Lawrenceville, Illinois. In that capacity, State Group entered into a contract with Midwest to provide a conveyor system to State Group

1

for the project. In the Illinois Action, Midwest alleges State Group has refused to pay Midwest for its work and has, therefore breached the parties' contract.

In the present Indiana Action, State Group alleges the conveyor system was flawed and ill-designed. State Group alleges it discussed the matter with Midwest, and that Midwest informed State Group it could not correct the errors in the system to the proper specifications by the time needed for State Group to complete the installation at the Toyota plant. Therefore, State Group transferred to conveyor system to its plant in Evansville, Indiana, and made the required modifications and sustained substantial damages in the process. Like Midwest, State Group alleges breach of contract. The Illinois Action was filed on February 6, 2015; the Indiana Action was filed on April 23, 2015.

## II.     Discussion

"When duplicative actions are filed in different federal courts, 'the general rule favors the forum of the first-filed suit.'" *Valbruna Stainless, Inc. v. Consolidated Pipe & Supply Co.*, No. 2010 WL 909077, at *3 (N.D. Ind. Mar. 9, 2010) (quoting *Pfizer, Inc. v. Apotex, Inc.*, 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009)). A suit is duplicative "if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). The Illinois and Indiana Actions are based on the same transaction, the same contract, involve the same parties, and seek the same relief. Contrary to State Group's assertion, the Illinois Action and the Indiana Action are duplicative. *See, e.g., Valbruna*, 2010 WL 909077 (suits were duplicative where plaintiff filed suit against the defendant in one state, and the defendant

filed suit against the plaintiff in another, over the same dispute with each asserting breach of contract). When faced with duplicative litigation, a court may, in its discretion, dismiss, stay or transfer the case. *Id.*; *Pfizer*, 640 F. Supp. 2d at 1007.

State Group argues the Indiana Action should not be dismissed because the Southern District of Illinois does not have personal jurisdiction over it. Therefore, this case is the "superior vehicle" and should not be dismissed. *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999) (stating that "the judge hearing the second-filed case may conclude that it is a superior vehicle and may press forward"). State Group's argument is a non-starter; this court does not have jurisdiction to rule on whether the Southern District of Illinois has jurisdiction over State Group.

The court is aware that in the Illinois Action, State Group filed a motion to dismiss or, in the alternative, to transfer venue to the Southern District of Indiana.[1] At this juncture, the court finds the best course of action is to stay this case until the jurisdictional issue in the Illinois Action is resolved.

---

[1] A docket entry dated October 6, 2015, reflects the motion was denied as moot in light of Midwest's Amended Complaint. *Midwest Ind. Concepts, Inc. v. The State Group Indus. (USA) Ltd.*, 3:15-cv-00131-DRH-DGW, Filing No. 44. If State Group chooses not to refile the motion to dismiss or, in the alternative, to transfer venue in the Illinois Action, the court requests counsel for State Group to inform the court of the same.

### III. Conclusion

For the foregoing reasons, Midwest's Motion to Dismiss (Filing No. 14) is **DENIED**. This action is **STAYED** until the jurisdictional issue in the Illinois Action is resolved.

**SO ORDERED** this 19th day of October 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.